UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| SMILEY J. HARRIS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MEDIACOM COMPANY, et al.,<br><br>    Defendants. | Case No.  15-cv-03163-NJV<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>(Doc. 15.) |

On September 22, 2015, the court entered an order dismissing the original complaint in this action due to procedural defects in identifying the Plaintiffs to the action.  (Doc. 14.) Plaintiffs have now filed their amended complaint.  (Doc. 15.)

Motions to proceed in forma pauperis remain pending in this action.  (Docs. 5 & 6.) Before ruling on a motion to proceed in forma pauperis, however, the court has a statutory duty to review the complaint as required by 28 U.S.C. Section 1915.  Under Section 1915(e)(2), "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief."  The court has conducted the required review and has determined that this case fails to state a claim on which relief may be granted.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  "[A] plaintiff's

1  obligation to provide the 'grounds of his'entitle[ment] to relief' requires more than labels and
2  conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .
3  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell*
4  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555(2007) (citations omitted).  A complaint is subject to
5  dismissal for failure to state a claim on which relief can be granted if the complaint does not
6  proffer "enough facts to state a claim for relief that is plausible on its face." *Id*. at 570.  To state a
7  claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the
8  reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556
9  U.S. 662, 678 (2009) (finding under *Twombly* and Rule 8 of the Federal Rules of Civil Procedure,
10 that complainant-detainee in a Bivens action failed to plead sufficient facts "plausibly showing"
11 that top federal officials "purposely adopted a policy of classifying post-September-11 detainees
12 as 'of high interest' because of their race, religion, or national origin" over more likely and non-
13 discriminatory explanations).
14      From these decisions, the following "two principles" arise: "First to be entitled to the
15 presumption of truth, allegations in a complaint or counterclaim may not simply recite the
16 elements of a cause of action but must contain sufficient allegations of underlying facts to give fair
17 notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations
18 that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to
19 require the opposing party to be subjected to the expense of discovery and continued litigation."
20 *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011); *see, e.g., AE v. County of Tulare*, 666 F.3d
21 631, 637 (9th Cir. 2012) (applying Starr standard to pleading policy or custom for claims against
22 local government entities*); see also McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (a
23 complaint must make clear "who is being sued, for what relief, and on what theory, with enough
24 detail to guide discovery").
25 //
26 //
27 //
28 //

A pro se pleading must be liberally construed and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Twombly*, 550 U.S. at 570 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, in this case, the court finds that even liberally construed, the factual allegations in Plaintiffs' amended complaint do not plausibly suggest an entitlement to relief, such that it would be fair to subject Defendants to continued litigation. That is, the amended complaint does not set forth a plausible claim for relief.

Plaintiffs set forth extensive facts concerning allegations by Mediacom of multiple violations by Plaintiffs of the Digital Millennium Copyright Act ("DMCA"), ultimately resulting in termination of Internet service to Plaintiffs based on these violations. Plaintiffs then set forth thirteen causes of action, each of which is entitled, "Discrimination." For each of these causes of action, Plaintiff alleges that Defendants' acts :

> did subject plaintiffs to discriminatory acts and practices in violation of plaintiffs' rights to be free from such acts and conduct as guaranteed by Civil Code §§ 51, §51.7, §52.1(b). Plaintiffs' rights as secured by Civil Code §1770(a)(3), § 1770(a)(14), §1770(a)(16) and those rights secured by Title 42 U.S.C. §§ 1983, 1985(3), §1986, Title 29 U.S.C. §794, Title 18 U.S.C. §§ 1346, §1349 and those of plaintiffs' rights as secured by the ADA, and the First and Fourteenth Amendments to the United States Constitution were also violated.

Despite the titles of the thirteen causes of action, Plaintiffs provide no facts or other explanation that would enlighten Defendants as to how termination of Internet service based on multiple violations of copyright law would constitute discrimination or would entitle Plaintiffs to relief under any of the many statutory or Constitutional provisions cited by Plaintiffs. Plaintiffs thus do not give Defendants the required fair notice of the grounds on which their claims of discrimination rest.

Accordingly, Plaintiffs' amended complaint is HEREBY DISMISSED with leave to amend to file a second amended complaint conforming with the pleading requirements explained above. Plaintiffs are granted thirty (30) days to file a second amended complaint, which must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT in the heading. Because an amended complaint completely replaces a preceding complaint, Plaintiffs must include in the second amended complaint all claims they wish to

1  present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Failure to file a second
2  amended complaint within the designated will result in the dismissal of this action.
3  **IT IS SO ORDERED**.
4  Dated: October 15, 2015

_____
NANDOR J. VADAS
United States Magistrate Judge

United States District Court
Northern District of California